**James J. HUGHES III**

v.

**STATE.**

No. 91–406–C.A.

Supreme Court of Rhode Island.

June 3, 1992.

Dominic St. Angelo, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., James J. Caruolo, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for defendant.

OPINION

PER CURIAM.

The petitioner, James J. Hughes III (Hughes), came before this court to appear and show cause why the denial of this application for postconviction relief should not be summarily resolved. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has been shown.

On December 9, 1983, Hughes was sentenced to life imprisonment for the convictions of felony murder and robbery. He appealed his conviction, which was denied and dismissed in *State v. Hughes,* 494 A.2d 85 (R.I.1985). His subsequent petition to the United States Supreme Court was denied in *Hughes v. Rhode Island,* 474 U.S. 1009, 106 S.Ct. 536, 88 L.Ed.2d 466 (1985). In early 1988 Hughes sought a writ of habeas corpus in the United States District Court for the District of Rhode Island, which was dismissed for lack of jurisdic-

tion. The United States Court of Appeals for the First Circuit affirmed the order of the lower court and denied Hughes's appeal.

On April 4, 1991, Hughes's application for postconviction relief was denied. His appeal from the denial of relief by summary judgment, now before us, charges ineffective assistance of counsel, pursuant to the standard espoused in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hughes contends that the appellate counsel neglected to challenge the introduction of photographs that were admitted into evidence over objection at trial and failed to argue that the jury instructions regarding the law of conspiracy was erroneous.

The *Strickland* test requires a petitioner to show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. In making such a determination, this court has observed that a charge of ineffective assistance of counsel "must be established by legally competent evidence. Mere unfounded claims and unsupported charges of ineffectiveness are of no avail." *State v. Turley*, 113 R.I. 104, 109, 318 A.2d 455, 458 (1974).

No evidentiary hearing was conducted to explore the validity of Hughes's claims, thus leaving unexamined the foundation for a "reasonable probability." The trial justice's ruling at the postconviction-relief hearing that he was satisfied that Hughes had failed to meet the necessary standards for relief under *Strickland* and *Turley* was unfounded without an evidentiary hearing to buttress his conclusion.

Accordingly the petitioner's appeal is sustained. The judgment entered in the Superior Court is reversed, and the case is remanded to the Superior Court for an evidentiary hearing.