**STATE**

v.

**Luis SANTANA.**

**No. 92–615–C.A.**

Supreme Court of Rhode Island.

Dec. 16, 1993.

Jeffrey Pine/Aaron Weisman, Providence.

David Cicilline, Providence, Randy Olen, Narragansett.

### ORDER

This case came before the court for oral argument December 6, 1993, pursuant to an order which had directed both parties to appear and show cause why the issues raised in this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The state has appealed from an order of the Superior Court which granted the motion of the defendant to vacate his guilty plea.

The defendant pleaded guilty on February 27, 1990 to an information that charged him with carrying a pistol without a license. He was given a two-year suspended sentence and placed on probation for a period of two years. After the period of probation had expired, the defendant moved pursuant to Rule 32(d) of the Superior Court Rules of Criminal Procedure, to vacate his plea on the ground that at the time of his plea, he had not been advised that this conviction would cause him to be subject to deportation.

Rule 32(d) provides that a motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or deferred or probation is imposed or imposition of sentence is suspended. It is clear that the motion to vacate this plea, made long after sentence had been imposed and the period of probation had expired, is untimely.

Consequently, the trial justice erred in granting the motion to vacate the plea pursuant to Rule 32(d). The state's appeal is sustained without prejudice to the filing by the defendant, if he sees fit, of an application for post-conviction relief.