**STATE**

v.

**Antonia ALEJO.**

**No. 93–450–C.A.**

Supreme Court of Rhode Island.

March 27, 1995.

Aaron Weisman, Providence.

Randy Olen, David Cicilline, Providence.

ORDER

This case came before the Supreme Court on March 15, 1995, pursuant to an order directing the defendant to appear and show cause why the issues raised in her appeal should not be summarily decided. Antonia Alejo (defendant) appeals from the denial of her application for postconviction relief.

The defendant, a legal resident alien, entered a plea of nolo contendere to possession of a firearm by an alien. Shortly after the plea was entered, defendant was notified by the Immigration and Naturalization Service that deportation proceedings had been initiated against her as a result of the conviction. The defendant filed a motion for postconviction relief asking that her plea be withdrawn.

The trial justice denied the motion ruling that since deportation is a collateral consequence of the plea, trial counsel did not have to inform defendant of possible immigration consequences; that trial counsel did in fact advise defendant that there could be possible immigration consequences as a result of her plea; that the plea negotiated was the best possible disposition; and even if trial counsel knew all he knew today at the time of advising defendant, counsel would have still advised her to take the plea of nolo contendere. On appeal, defendant avers that she should have been allowed to withdraw her plea because: 1) G.L.1956 (1981 Reenactment) § 12–22–22 requires a trial justice to inform a defendant who pleads nolo contendere or guilty about possible immigration consequences, 2) the interest of justice requires that her plea be set aside, and 3) trial counsel's failure to inform her about a recent change in immigration law constituted ineffective assistance of counsel.

We have recently addressed these issues in the consolidated case of *State v. Figueroa/Tavarez*, 639 A.2d 495 (R.I.1994). In that case, we stated that "[a] defendant need only be made aware of the direct consequences of his plea for it to be valid. The possibility of deportation is only a collateral consequence because that sanction is controlled by an agency which operates beyond the direct authority of the trial judge." *Id.* at 499 (citations omitted.)

We further stated that G.L.1956 (1981 Re-enactment) § 12–22–22 does not impose on the trial justice the duty of informing a defendant that pleas of guilty or nolo contendere may have immigration effects. *Id.* at 499. Additionally, trial counsel never testified that had he known of the possible immigration consequences he would have advised defendant not to accept the plea.

Consequently, we are of the opinion that cause has not been shown. The defendant's appeal is denied and dismissed.