In re MATTHEW A.

No. 98–486–M.P.

Supreme Court of Rhode Island.

Jan. 10, 2000.

Aaron L. Weisman, Providence, for Plaintiff.

Andrew H. Berg, Providence, Paul J. Dimaio, Johnston, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case comes before us on a petition for certiorari filed by the State of Rhode Island (state) to review a judgment of the Family Court that vacated an admission by Matthew (respondent or Matthew) of sufficient facts to support an adjudication of delinquency in respect to four counts of second degree sexual assault and one count of malicious damage. This case was assigned for oral argument on October 5, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this petition should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this petition should be decided at this time. The facts underlying the petition insofar as pertinent to our opinion are as follows.

On December 23, 1996, Matthew, then fifteen years old, entered his admission in open court, and was adjudicated as a delinquent and ordered to be committed to the State Training School. However, the commitment was suspended and Matthew was placed on probation until he attained the age of twenty-one years.

Before entering his admission, Matthew was told that he must receive a sex offender evaluation and cooperate with the sex offender program, which could possibly require him to undergo counseling. He was not told that he would have to register as a sex offender in the community in which he lived. After he refused to register, Matthew was presented to the Family Court as a violator of the conditions of his probation. In March 1998, he was formally charged with failing to register as a sex offender.

On January 7, 1998, Matthew filed a motion in the Family Court to vacate his adjudication of delinquency. His main contention was that his admission was involuntary because he had not been made aware of the sexual offender registration requirement. He also contended that his admission was involuntary because he had not been informed of the maximum sentence to which his admission might subject him. Additionally, he raised the issue of newly discovered evidence as a basis for vacating the admission. A justice of the Family Court granted his motion, concluding that the sexual offender registration requirement was a direct consequence of the admission of which Matthew should have been informed, and that, since he had not been informed of the requirement, his admission was not voluntary and intelligent. The state filed the instant petition for certiorari and argued that the justice's granting of the motion to vacate was erroneous as a matter of law. The writ was issued on February 18, 1999, and the case was placed on the show-cause calendar.

States across the country began enacting sexual offender legislation following the abduction, rape, and murder of seven-year-old Megan Kanka, which occurred in New Jersey in 1994. Unknown to the community, "[t]he man who later confessed to Megan's murder lived across the street from the Kankas and * * * had twice before been convicted of sex offenses involv-

ing young girls." Recent Case, *Constitutional Law—Double Jeopardy and Ex Post Facto Clauses—Third Circuit Holds That Notification Requirement of Megan's Law Does Not Constitute Punishment.—E.B. v. Verniero, 119 F.3d 1077 (3d Cir. 1997),* 111 Harv. L.Rev. 1353, 1354 (1998). New Jersey enacted a comprehensive sexual offender statute, commonly known as "Megan's Law," and other states soon followed. Rhode Island's version of "Megan's Law," which became effective on July 24, 1996, is codified as G.L.1956 chapter 37.1 of title 11. "Megan's Law" consists of two components. The first concerns offender registration, and the second concerns community notification. The instant case involves a controversy concerning the registration component[1] and its effect on respondent's plea agreement.

■■■■ The state argues that the duty to register as a sex offender is a collateral consequence of an admission, and that, therefore, Matthew need not have been informed of the registration requirement in order for his admission to have been valid. "For a guilty plea to be valid, it must be affirmatively shown that it was both intelligently and voluntarily given, and made with a full understanding both of what the plea connotes and of its possible consequences." *In re John D.,* 479 A.2d 1173, 1177 (R.I.1984) (citing *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279–80 (1969)). Before accepting a plea, the court must set forth, in language understandable to the juvenile, the "essential elements underlying certain rights." *In re John D.,* 479 A.2d at 1178. However, the court need not inform a defendant of collateral consequences of an admission for it to be valid. *State v. Figueroa,* 639 A.2d 495, 499 (R.I. 1994) (holding that the sanction of deportation is a collateral, not direct, consequence of a guilty plea).

---

1. General Laws 1956 § 11–37.1–5 requires any person convicted as a sex offender to register in the community in which he lives upon release from jail, probation or parole.

Matthew argues that the state's case is moot because the Family Court has revised its admission form to include notice of the sexual offender registration requirement. Although we are of the opinion that the modification of the admission form does not entirely moot all issues raised by the state and by Matthew, we are of the opinion that the complexity of the ramifications of this registration requirement is disproportionate to reviewing the merits of vacating an adjudication of delinquency in a single case that would be of little or no precedential value. It is obvious that the revision of the admission form will guarantee that this issue will not again be presented to this Court in this identical posture. Assuming without deciding that this policy decision by the Family Court to revise its admission form is at least a salutary, if not a mandatory, incident to the acceptance of an admission of sufficient facts to support an adjudication of delinquency, we are constrained to conclude that the Family Court justice in this case was exercising his judicial discretion to give Matthew the same benefits that would be received by all subsequent alleged juvenile offenders charged with sexual assault.

It may be argued that a Family Court justice would not in ordinary circumstances be clothed with the discretionary power to vacate an adjudication of delinquency. However, when as here, a policy has been adopted by the Family Court to admonish a juvenile charged with a sexual offense of the consequences of admitting sufficient facts to warrant an adjudication of delinquency, including registration as a sexual offender, we cannot disagree with the determination of the justice in this case that Matthew should be given the benefit of the same informed freedom of choice that all future offenders will receive.

Consequently, we are of the opinion that in this somewhat unique posture, wherein one offender is sought to be deprived of an admonition that will be given to all future offenders of the same or similar category, it did not constitute an error of law for the Family Court justice to vacate the adjudication of delinquency. Consequently, we decline to review the case by evaluating all the significant arguments raised by both parties. We believe that substantial justice was achieved by vacating the adjudication of delinquency in these particular circumstances. We decline to extend our determination to decide whether such an admonition would be required if the Family Court had not decided to amend or revise its form of admission to include the admonition regarding registration as a sexual offender whose benefit Matthew sought in this case.

For the reasons stated, the state's petition for certiorari is denied and the writ heretofore issued is quashed. The papers in the case may be remanded to the Family Court with our decision endorsed thereon.