## STATE

### v.

### Donald DESIR.

Nos. 98–530–M.P., 98–568–C.A.

Supreme Court of Rhode Island.

Feb. 9, 2001.

Aaron L. Weisman, Providence, For Plaintiff.

John P. Larochelle, Providence, For Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on January 24, 2001, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Upon careful review of the record, as well as the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, we shall decide the issues raised on appeal at this time.

On February 19, 1997, Donald Desir (defendant or Desir), a resident alien, entered a plea of *nolo contendere* to an offense, charged by criminal information, of possession of heroin with the intent to deliver, and was sentenced to a suspended term of seven years imprisonment with probation. The defendant filed a motion to vacate his plea, but did not file an application for postconviction relief. Consequently, there is no record before us and we shall rely on the briefs submitted by the parties for the facts and travel. Shortly after the plea was entered, defendant was notified that the United States Attorney General, as a result of the conviction, had instituted deportation proceedings against him pursuant to the Immigration and Naturalization Act § 1182. Almost a year after the plea was entered and sentence imposed, defendant filed a motion in Superior Court seeking to vacate the plea of *nolo contendere.* On March 19, 1998, after hearing argument of counsel, a justice in the Superior Court denied Desir's motion to vacate his plea. It is from that denial that defendant seeks relief from this Court.

Although defendant has raised several issues in support of his appeal, we will discuss only those issues that are appropriately before us. Desir contended that his plea was involuntary, unintelligently made and invalid because neither the trial justice nor his attorney explained the potential deportation consequences that might result from his conviction. The defendant also maintained that the plea was invalid because he was charged by way of criminal information rather than by indictment. We deem these arguments to be without merit.

 We shall first address whether these claims are appropriately before this Court. The proper avenue by which a defendant must proceed when attacking the voluntariness of a plea or when making a claim of ineffective assistance of counsel is an application for postconviction relief, pursuant to G.L.1956 chapter 9.1 of title 10. *See State v. Dufresne,* 436 A.2d 720, 722 (R.I.1981). Once a defendant has entered a plea of guilty or of *nolo contendere* and sentence has been imposed, any issue relating to the validity of the plea must be raised by way of postconviction relief. *Id.* "A defendant who pleads guilty on the advice of counsel must demonstrate *at his postconviction hearing* that that advice was not within the range of competence demanded of attorneys in criminal cases." *Id.* at 723 (citing *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763, 773 (1970)). (Emphasis added.) Moreover, we have stated on nu-

merous occasions that a claim of ineffective assistance of counsel must be decided after an evidentiary hearing in Superior Court. *See Hughes v. State,* 609 A.2d 943, 944 (R.I.1992) (trial justice's findings that defendant failed to demonstrate entitlement to relief is unfounded without a postconviction evidentiary hearing); *State v. D'Alo,* 477 A.2d 89, 90 (R.I.1984) (refusal to consider claims of ineffective assistance of counsel on direct appeal is an application of the fundamental principle that only specific rulings of a trial justice are reviewable on direct appeal).

■ A defendant may not seek to vacate a plea in Superior Court after sentence has been imposed. Pursuant to Rule 32(d) of the Superior Court Rules of Criminal Procedure, "[a] motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or deferred or probation is imposed or imposition of sentence is suspended." A motion to vacate a plea is clearly untimely when it is made long after the defendant has been sentenced. *State v. Santana,* 636 A.2d 732, 732 (R.I.1993) (Mem.). The Superior Court has no procedure for vacating a plea under these circumstances, and such a motion should not be entertained. The proper avenue for a claim attacking the voluntariness of a plea is by way of an application for postconviction relief. We therefore conclude that this appeal is not properly before the Court. However, we are equally satisfied that were the motion proper, the trial justice did not err in denying the requested relief.

■ In *State v. Figueroa,* 639 A.2d 495 (R.I.1994) and again in *State v. Alejo,* 655 A.2d 692 (R.I.1995), we held that direct consequences of a plea of *nolo contendere* or guilty are the only consequences that need to be addressed with the defendant upon acceptance of a plea of not guilty or *nolo contendere.* "The possibility of deportation is only a collateral consequence [of a plea] because that sanction is controlled by an agency which operates beyond the direct authority of the trial [justice]." *Alejo,* 655 A.2d at 692 (quoting *Figueroa,* 639 A.2d at 499). Further, as enacted in 1984, (P.L.1984, ch. 123, § 1), G.L.1956 § 12–12–22, provides that "[a]t the time of criminal *arraignment* in the district or superior court, each defendant shall be informed that if he or she is an alien in the United States, a plea of guilty or nolo contendere may affect his or her immigration status. *Failure to so inform the defendant shall not invalidate any action subsequently taken by the court.*"[1]

1. We note that the legislature has recently amended G.L.1956 § 12–12–22 to provide:

 "**Arraignments and pleas—Notice to aliens. [Effective until January 15, 2003.]**—

 (a) At the time of criminal arraignment in the district or superior court, each defendant shall be informed that if he or she is an alien in the United States, a plea of guilty or nolo contendere may affect his or her immigration status. Failure to so inform the defendant at the arraignment does not invalidate any action subsequently taken by the court.

 (b) Prior to accepting a plea of guilty or nolo contendere in the district or superior court, the court shall inform the defendant that if he or she is not a citizen of the United States, a plea of guilty or nolo contendere may have immigration consequences, including deportation, exclusion of admission to the United States, or denial of naturalization pursuant to the laws of the United States. Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of this advisement.

 (c) If the court fails to so inform the defendant as required by this section, and the defendant later shows that his plea and conviction may have immigration consequences, the defendant is entitled, upon a proper petition for post-conviction relief, to have the plea vacated. Absent a record that the court provided the advisement required by this section, the defendant is presumed to not have received the advisement.

 (d) The defendant is not required at the time of the plea to disclose to the court his or her legal status in the United States.

 (e) In the first week of January, 2001, and each year thereafter, the attorney general shall submit to the general assembly a list of cases in which a disposition was vacated pursuant to this section."

 This statute did not take effect until July, 2000, therefore it is not applicable to Desir.

(Emphasis added.) This Court, however, has clearly held that we will not place the onus upon the trial justice to explore every possible consequence of a plea in order for the plea to be voluntary. If, as defendant contends, deportation is now a virtual certainty as opposed to a mere possibility, that fact is of no moment to this appeal. In this case, the Superior Court justice carefully explained Desir's rights and asked the defendant if he had any questions. The defendant said that he had no questions and that he understood that he could not "later change [his] mind and withdraw the plea * * *." Accordingly, we conclude that defendant's plea was voluntary and intelligently made and is not subject to collateral attack.

■ Finally, defendant's claim that his plea was invalid because he was charged by criminal information rather than by indictment is also without merit. Rhode Island law is clear that those felonies not punishable by death or life imprisonment may be prosecuted by information instead of indictment. G.L.1956 §§ 12–12–1.1, 12–12–1.2; *State v. Padula*, 551 A.2d 687, 690 (R.I.1988). The offense for which Desir admitted his guilt falls within this category.

Accordingly, the defendant's appeal is denied and dismissed and the order appealed from is affirmed. The papers in this case are remanded to the Superior Court.