Enrique Herber GOMEZ

v.

STATE of Rhode Island.

No. 2001–591–C.A.

Supreme Court of Rhode Island.

Feb. 21, 2003.

Aaron L. Weisman, Providence.

Jane M. McSoley, Providence.

Judith Crowell, Cumberland.

Enrique Herber Gomez, pro se.

**ORDER**

The applicant, Enrique Herber Gomez, appeals from judgments denying his motions to vacate or amend his conviction and his application for post-conviction relief. The applicant argues that he is entitled to relief under G.L.1956 (2000 Reenactment) § 12–12–22 because he was not advised by the Superior Court justice of the possible immigration consequences of the nolo con-

tendere plea he entered in 1996. He also argues that he received ineffective assistance of counsel. This case came before the Supreme Court for oral argument on January 21, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. We conclude that cause has not been shown, and deny the applicant's appeal.

On August 10, 1994, applicant was charged by information with three counts: possession with intent to deliver heroin, a controlled substance; attempting to elude a police officer; and reckless operation of a motor vehicle. On November 14, 1996, he entered a plea in the Superior Court of nolo contendere to the count of reckless operation and to an amended count of possession of heroin. The state dismissed the remaining count of attempting to elude a police officer. The applicant received a sentence of two years, suspended with probation, on the possession count, and a concurrent sentence of one year probation on the reckless operation count. Neither the Superior Court justice or applicant's counsel warned applicant, a citizen of the Dominican Republic who has been a legal resident of the United States since 1983, that his plea could adversely affect his immigration status. Subsequently, the federal government initiated action with respect to applicant's immigration status, and applicant's appellate counsel stated at oral argument before this Court that applicant has likely already been deported.

On May 8, 2001, applicant's motion to vacate or amend his judgment of convic-tion based on G.L.1956 (2000 Reenactment) § 12–12–22, which provides relief where a justice fails to inform aliens that a plea of nolo contendere or guilty may have immigration consequences was denied.[1] The applicant subsequently filed a similar motion for post-conviction relief, which the justice also denied. The applicant appealed both judgments, arguing that he was entitled to relief under § 12–12–22 and that he received ineffective assistance of counsel when he pled nolo contendere.

The applicant's argument under § 12–12–22(b) and (c) has no merit. While subsection (c) permits a defendant to have his plea vacated if he shows that his plea and conviction may have immigration consequences and that the court failed to inform him about possible immigration consequences, the amendment creating subsections (b) and (c) provides that both were to take effect upon passage, which occurred on July 20, 2000. We have held that the Legislature clearly did not intend for these amendments to have retrospective effect, and that they therefore do not affect pleas, such as the one at issue here, which were entered into before July 20, 2000. *Ducally v. State*, 809 A.2d 472, 474–75 (R.I.2002) (per curiam). Accordingly, we apply § 12–12–22 as it was written at the time of the plea in question. *Id.* at 475. We have consistently held that, for the period prior to July 20, 2000, "[t]he possibility of deportation is only a collateral consequence [of a plea] because that sanction is controlled by an agency which operates beyond the direct authority of the trial [justice]." *Id.* at 474 (quoting *State v. Alejo*, 655 A.2d 692, 692 (R.I.1995) and *State v. Figueroa*, 639

---

1. The present version of § 12–12–22, effective as of January 15, 2003, provides:
   "At the time of criminal arraignment in the district or superior court, each defendant shall be informed that if he or she is an alien in the United States, a plea of guilty or nolo contendere may affect his or her immigration status. Failure to inform the defendant does not invalidate any action subsequently taken by the court."

A.2d 495, 499 (R.I.1994)). Because direct consequences are the only ones a defendant must be made aware of for the plea to remain valid, we held that "[t]here is no duty to inform alien defendants of the collateral consequence of possible or certain deportation." *Figueroa*, 639 A.2d at 499.

Although the applicant stated at his post-conviction hearing that the potential immigration consequence "wasn't advised to me by my lawyer," he failed to allege or to put forth any evidence that the lawyer's actions amounted to ineffective assistance. We require that a "defendant who pleads guilty on the advice of counsel must demonstrate *at his postconviction hearing* that [the] advice was not within the range of competence demanded of attorneys in criminal cases." *Ducally*, 809 A.2d at 475 (quoting *State v. Dufresne*, 436 A.2d 720, 723 (R.I.1981)).

Accordingly, we deny the applicant's appeal, and affirm the judgments of the Superior Court, to which we return the papers in this case.