Luis TAVAREZ

v.

STATE.

No. 2002–04–C.A.

Supreme Court of Rhode Island.

March 24, 2003.

Martin D. Harris, Providence, for Plaintiff.

Jane M. McSoley, Aaron L. Weisman, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The applicant, Luis Tavarez (Tavarez or applicant), appeals from a Superior Court justice's denying his application for post-conviction relief. The applicant argues that his nolo contendere plea was invalid and that there was no factual basis for his plea. This case came before the Supreme Court for oral argument on January 21, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be decided summarily. Having considered the record, the parties' memoranda, and the oral arguments of counsel, we conclude that cause has not been shown, and proceed to decide the appeal at this time. For the reasons stated below, we affirm the denial of Tavarez's application for post-conviction relief entered in the Superior Court.

## I

### Facts and Travel

The applicant was arrested and charged with possession of heroin with the intent to distribute. Although Tavarez entered a plea of not guilty at his arraignment on August 6, 1998, he requested on July 6, 2000, that his plea be changed to nolo contendere. The Superior Court justice (trial justice) duly entered judgment on that same day and sentenced applicant to ten years at the Adult Correctional Institutions, with six months to serve. Shortly thereafter, on July 27, 2000, Tavarez, a citizen of the Dominican Republic, received notification that he was being deported because of his conviction. Tavarez filed an application for post-conviction relief pursuant to G.L.1956 § 10–9.1–1(a)(1), that was heard before a Superior Court justice (hearing justice), who denied it. The Superior Court's judgment was entered on November 8, 2001, and Tavarez filed this appeal.

## II

### Entry of the Nolo Contendere Plea

Under § 10–9.1–1(a)(1), post-conviction relief is available to an individual convicted of a criminal offense when his conviction or sentence was in "violation of the constitution of the United States or the constitution or laws of this state." This Court will allow a hearing justice's findings made during a hearing for post-conviction relief "to stand undisturbed on appeal in the absence of clear error or a showing that material evidence was overlooked or misconceived." *Beagen v. State*, 705 A.2d 173, 176 (R.I.1998) (per curiam).

The applicant argued on appeal that the hearing justice erred in denying his application because his nolo contendere plea was not validly entered. The applicant maintained that his nolo contendere plea could not be valid because he neither withdrew his original plea of not guilty nor requested the entry of a nolo contendere plea. We find no support in the record for this argument.

The applicant presented a clear request to the trial justice for the entry of a

plea of nolo contendere on July 6, 2000. The Superior Court's criminal docket sheet confirms that, on that day, his plea of not guilty was retracted. After this request, the trial justice discussed the consequences of this plea with applicant. The applicant has argued that this discussion did not satisfy Rule 11 of the Superior Court Rules of Criminal Procedure. However, Tavarez mischaracterized this rule as imposing a requirement on a trial justice to explicitly make affirmative findings that a plea was voluntarily and intelligently given. Rather, Rule 11 provides that a court "shall not accept * * * a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of * * * nolo contendere unless it is satisfied that there is a factual basis for the plea."

■■■ Having reviewed the record, it is our opinion that the trial justice's colloquy with Tavarez was thorough and the nolo contendere plea was properly entered. The applicant's rights were clearly explained to him, and he indicated that he fully understood both his rights and the consequences of his plea, including the fact that he could not later change his mind. The trial justice asked applicant about his understanding of the plea form, his education, his ability to read and write the English language, whether he was under the influence of any drugs or alcohol, whether his attorney had discussed the form with him before he signed it, and whether he had any questions about the form. The trial justice asked whether Tavarez understood that he was giving up his right to trial and to an appeal, as well as admitting that the state had sufficient evidence to substantiate the charge. The applicant answered all these questions in the affirmative. Furthermore, the trial justice made specific findings that Tavarez's plea was made voluntarily, with him understanding the nature of the charge and the consequences of the plea. Although the trial justice did not state "I accept your plea," having reviewed the record, we hold that the trial justice's acceptance and the existence of the preconditions for accepting the plea were implicit in the results of his colloquy with Tavarez and his subsequent implementation of the changed plea. Thus, we conclude that the trial justice properly accepted and entered Tavarez's nolo contendere plea. Nevertheless, we take this opportunity to caution trial justices that, when accepting pleas of guilty and nolo contendere, the better practice is to conclude the proceeding by expressly placing the court's acceptance of the plea on the record.

The applicant argues in the alternative that the hearing justice erred in denying his application because he had not been apprised of the immigration consequences of his plea.[1] The applicant said that he always had believed that he acquired derivative citizenship from his mother when she was naturalized in 1990.[2] He accordingly represented to the trial justice that he was an American citizen and the trial justice relied on that assertion and did not

---

1. The hearing justice observed that the plea form signed by Tavarez when his plea was entered on July 6, 2000, contained a "warning in bold black letters that there may be consequences as a result of his plea, immigration consequences, over which the Court had no control[.]"

2. The applicant was born in the Dominican Republic but moved to the United States with his family when he was five years old. He has since lived only in the United States.

warn Tavarez that his plea could lead to deportation. At the time his plea was entered, however, Tavarez was not, in fact, an American citizen and had no knowledge that he could be deported as a result of his plea. The applicant argues on appeal that his plea cannot be valid because of this misunderstanding.

■ In so arguing, applicant relies on an amendment (P.L.2000, ch. 501, § 1) to G.L.1956 § 12–12–22 on July 20, 2000, which requires a Superior Court justice, before accepting a nolo contendere plea, to inform a defendant that, if he is not a citizen, the nolo contendere plea may have immigration consequences including deportation. If the court fails to so inform the defendant and if the defendant shows that the plea and conviction may have immigration consequences, the defendant is entitled upon an application for post-conviction relief to have the plea vacated.[3] Section 12–12–22(c).

■ This statute, however, was not effective until fourteen days after applicant's plea was entered on July 6, 2000, and thus does not control the outcome of this case. *See Ducally v. State*, 809 A.2d 472, 474 (R.I.2002) (per curiam) (quoting *Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1141 (R.I. 2002) (explaining that statutes will not, absent "clear, strong language" or "necessary implication" be applied retrospectively)). Rather, before July 20, 2000, a trial justice was charged with apprising a defendant only of the direct consequences of a plea of nolo contendere. *See State v.*

*Desir*, 766 A.2d 374, 377 (R.I.2001) (per curiam) (holding that this Court "will not place the onus upon the trial justice to explore every possible consequence of a plea in order for the plea to be voluntary"). The possibility of deportation, however, is a collateral consequence because it is a consequence controlled by another agency beyond the authority of the trial justice. *Ducally*, 809 A.2d at 474. Furthermore, it is our opinion that the trial justice properly relied on Tavarez's response that he was an American. We will not impose a burden on courts, when accepting pleas, to investigate and verify a defendant's claim of citizenship. Therefore, in this case, the trial justice had no obligation to inform Tavarez of possible immigration consequences and the plea was properly entered.

■ The applicant's final argument on appeal is that the trial justice erred in finding that there was a factual basis for accepting the plea. Specifically, the applicant alleged that the evidence to support the charge of intent to distribute heroin was lacking because of an alleged discrepancy concerning the weight of the heroin confiscated. However, as observed by the trial justice, there was additional evidence sufficient to support the conviction of heroin distribution, such as the paraphernalia seized at the time of his arrest, which included five digital scales, bagging material, rubber bands, and a coffee grinder. *See State v. Williams*, 656 A.2d 975, 978–79 (R.I.1995) (describing how certain drug paraphernalia, including drugs packaged in separate bags and a triple-beam scale, in-

---

**3.** The additional notice required by the amendment on July 20, 2000, (P.L.2000, ch. 501 § 1) was effective until January 15, 2003. The present version of G.L.1956 § 12–12–22, which was effective as of January 15, 2003, provides:

"At the time of criminal arraignment in the district or superior court, each defendant shall be informed that if he or she is an alien in the United States, a plea of guilty or nolo contendere may affect his or her immigration status. Failure to inform the defendant does not invalidate any action subsequently taken by the court."

dicate an intent to deliver). Thus, we are satisfied that the hearing justice did not overlook or misconceive any material evidence in denying the applicant's petition, and that the evidence supports Tavarez's conviction.

For the foregoing reasons, Tavarez's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case may be returned to the Superior Court.