DECISION
This matter is before the Court on plaintiff Hector Perez's request for Post-Conviction Relief. Mr. Perez pled nolo contendere to two separate counts in 1992 and was sentenced. He now seeks relief.
 Facts and Travel
In April 1991, Mr. Perez was charged with felony assault with a dangerous weapon and malicious destruction of property. According to Mr. Perez, the charges resulted from an incident occurring outside his home. Mr. Perez testified that he asked the driver of a car to stop honking his horn, and was confronted by a knife-wielding passenger. Mr. Perez threw a rock which struck the man, resulting in the charges. The docket shows that Mr. Perez was charged on April 4, 1991, and he was promptly referred to counsel. After at least four court appearances, Mr. Perez pled nolo contendere to each count on September 23, 1992, and was promptly sentenced.
The transcript indicates a thorough plea proceeding. While Mr. Perez was apparently not conversant in English, he signed plea forms in English and in Spanish and had the services of an interpreter. He received a total of two years, suspended running with two years of probation. While the Court did not specifically enumerate each constitutional right that Mr. Perez was waiving, Mr. Perez acknowledged to the Court that he understood he was giving up his "right to *Page 2 
a trial and other rights you would normally have" at trial. (Tr. 3.) The Court also verified that the individual rights had been reviewed with the public defender who also explained the risk of deportation. When asked by the Court directly, Mr. Perez indicated that he understood and wished to proceed with the plea. (Tr. 3-4.)
Fifteen years later (and after completion of his sentence) Mr. Perez filed the instant action.[1]
The Knowing Plea.
The primary challenge by Mr. Perez questions the sufficiency of his plea, focusing on the plea colloquy before the sentencing justice. The touchstone for plea sufficiency was set by the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709,23 L. Ed. 2d 274 (1969) which required a court, in accepting a pleas of guilty or nolo contendere, to first determine that the defendant offered the plea voluntarily and intelligently.
Mr. Perez alleges he is of minimum education. Though he admits executing forms in both Spanish and English, he now claims he did not understand them. The record clearly indicates that he told the Court hedid understand. More importantly, the trial court found he could understand.[2] As our Supreme Court recently held, "We will not place the onus upon the trial justice to explore every possible consequence of a plea in order for the plea to be voluntary." State v. Desir,766 A.2d 374, 377 (R.I. 2001). *Page 3 
Therefore, Mr. Perez suggests that this Court should vacate the express findings of the 1992 trial justice, even though that justice had far more knowledge of the plea itself. Not only could the trial justice communicate directly with Mr. Perez, but she saw his relationship with the interpreter, his interactions with his counsel, and perceived his overall demeanor.
Even though this Court heard Mr. Perez testify in 2008, over a decade and a half have passed and Mr. Perez now has a different set of immediate concerns. The plaintiff's 2008 testimony that he knew little and did not understand the 1992 plea proceedings had low credibility. It was inconsistent with what was in the transcript. Mr. Perez now testifies that he answered each question in the affirmative. He did not. In 1992, Mr. Perez also entered into a brief, but sufficient, conversation directly with the trial justice. Further, Mr. Perez admits to a limited recollection of the 1992 proceedings. Accordingly, this Court will not second-guess the trial justice.
 Standard of Review
"In the absence of clear error or a showing that the hearing justice overlooked or misconceived material evidence, the findings of a trial justice on post-conviction relief will not be disturbed." Ouimette v.State, 785 A.2d 1132, 1135 (R.I. 2001). Mr. Perez has failed to meet his burden of persuasion for post-conviction relief.
Specific constitution rights
At the post-conviction trial, Mr. Perez specifically focused on the failure of the trial justice to review whether Mr. Perez recognized that he was giving up specific constitutional rights, including the presumption of innocence, the requirement that the state meet a high burden of proof, and his right to a trial and appeal. Counsel for petitioner referenced two recent decisions of separate circuits of the United States Court of Appeals. Each of those cases *Page 4 
involved federal criminal convictions. Federal Rule of Criminal Procedure 11 requires the trial justice to specifically address the defendant concerning the rights regarding trial by jury, counsel, self-incrimination and confrontation.[3] Rhode Island Rule of Criminal Procedure 11 contains no such requirement.
The Rhode Island Supreme Court considered this argument, in reviewing a similar plea colloquy. Where the specific rights were not discussed by the Court, the trial justice ensured they had been reviewed by defendant with his attorney, the court held:
 The trial court further explored Feng's comprehension of the pleas by asking if he fully understood the rights enumerated in the affidavit and if he appreciated the consequences of pleading nolo contendere. Feng's affirmative replies provided the trial court with a basis to conclude that he understood his attorney's explanation of the nature of the charges and the consequences of his nolo pleas. We conclude from our review of the record as a whole and the circumstances in their totality that Feng understood the nature of the charges and the consequences of his nolo pleas. Neither the Constitution, nor Rule 11 requires more to sustain the validity of Feng's nolo pleas. State v. Feng, 421 A.2d 1258, 1269 (1980), citing State v. Williams, 122 R.I. at 42, 404 A.2d at 820.
Again, the plaintiff has failed to meet his burden for post-conviction relief. *Page 5 
No factual basis
Mr. Perez claims that the trial justice did not have a factual basis to accept the plea of nolo contendere. R.I. Rule of Criminal Procedure 11 prohibits the court from entering a plea of nolo contendere "unless it is satisfied that there is a factual basis for the plea". The trial justice expressly found a factual basis after the prosecutor recited the date, victim, crime and weapons for each crime. (September 9, 1992 Tr. 5.) The trial justice also had various charging documents available to her.
As a factual basis clearly existed and a plea may not be vacated "unless the record viewed in its totality discloses no facts could have satisfied the trial justice that a factual basis existed. . . ."Feng, 421 A.2d at 1269. Here, a factual basis did exist, for each charge.
Interest of Justice
Finally, plaintiff claims that the plea and conviction should be vacated for the interests of justice. He does so by arguing the unfairness of the federal deportation policies and present statutory requirement that a criminal defendant be advised of the risks of deportation, or the plea may be void. G.L. 1956 § 12-12-22. The statute has been amended from the version in effect at the time of Mr. Perez's plea. The statute in effect when Mr. Perez pled did not make the plea void.
Mr. Perez acknowledged to the Court at his plea that he understood deportation was a possible risk. This was far more than was required at the time.
It is not the function of this Court to ignore federal law or create its own form of justice. As our High Court recently held:
 We know that sometimes our decisions result in palpable hardship to the persons affected by them. It is, however, a fundamental principle of jurisprudence that a court has no power to grant relief in the absence of *Page 6 
jurisdiction, as is true in the instant case. Ours is not a policy-making branch of the government. We are cognizant of the fact that this observation may be cold comfort to the parties before us. But, if there is to be a remedy to this predicament, fashioning such a remedy would fall within the province of the [legislature]. Chambers v. Ormiston, 935 A.2d 956 (R.I. 2007)
 Conclusion
After a trial and consideration of all of the memoranda and arguments made by counsel, Mr. Perez request for post-conviction relief is denied. The clerk of the court shall enter final judgment for the State of Rhode Island.
[1] Mr. Perez is attempting to remove a conviction for a violent crime to avoid federal deportation.
[2] At pages 5-6 of the transcript, the trial justice specifically found:
 I'm further satisfied the defendant is making a knowing, voluntary, intentional plea, understanding the nature and consequences of the plea, the rights he is giving up, and has the capacity to do so. He has only a third grade education, but he indicates he can read and write. He has executed a plea form both in the English and Spanish languages. He's had the assistance of an interpreter, paid close attention to this plea proceeding and I don't find him to be under the influence of alcohol or drugs.
[3] Criminal Rule 11 provides in part:
 (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances . . . and
 (3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and
 (4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind so that by pleading guilty or nolo contendere the defendant waives the right to trial; and
 (5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement. Fed.R.Crim.P. 11(c).