**Supreme Court**

No. 2011-327-Appeal.
(NM 10-412)

Miguel Camacho                    :

v.                    :

State of Rhode Island.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Miguel Camacho      :

v.      :

State of Rhode Island.      :


Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  Miguel Camacho appeals to this Court from the Superior Court's denial of his application for postconviction relief.  Camacho previously was convicted of two counts of second-degree child molestation.  Before this Court, Camacho contends that his application for postconviction relief should have been granted based on an unconstitutional and insufficient colloquy at his plea hearing.  This case came before the Supreme Court on December 5, 2012, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided.  After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court denying the application for postconviction relief.

# I

## Facts and Travel

On November 30, 1989, Camacho was indicted on two counts of second-degree child molestation. On January 15, 1991, he was found guilty by a jury on both charges, and he was sentenced to twelve years, with six years to serve and six years suspended, with probation. Camacho appealed his conviction to this Court, and on December 18, 1992, in an unpublished order we vacated the convictions, holding that the state had attempted to influence or intimidate witnesses. The case was remanded to the Newport County Superior Court for a new trial. However, instead of proceeding with a new trial, applicant entered an <u>Alford</u> plea[1] on June 4, 1993, to both of the indictment's counts of second-degree child molestation. The trial justice[2] sentenced applicant to the same sentence he received at the trial: twelve years, with six years to serve and six years suspended, with probation.[3]

On July 23, 2010, more than seventeen years after entering the <u>Alford</u> plea, Camacho filed an application for postconviction relief, seeking to vacate his plea and his sentence based on what he alleged was a plea colloquy that failed to satisfy constitutional mandates and on Rule 11 of the Superior Court Rules of Criminal Procedure.[4] Specifically, he argued that he was not fully

---

[1] Under the holding in <u>North Carolina v. Alford</u>, 400 U.S. 25, 38 (1970), a court may accept a defendant's plea of guilty or nolo contendere if the court is satisfied that there is enough factual evidence to support a verdict.

[2] For clarity, we will refer to the judge who presided over applicant's trial as the "trial justice," and the judge who heard applicant's motion for postconviction relief as the "postconviction-relief justice."

[3] The applicant was credited for the time already served, satisfying the six-year sentence to serve.

[4] Rule 11 of the Superior Court Rules of Criminal Procedure provides that

> "[a] defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of

apprised of the charges against him because the prosecutor and trial justice omitted both important facts and elements of the charges to which he was pleading. As a result of those omissions, he alleged that the trial justice could not have been satisfied that his plea was made voluntarily and intelligently, and the trial justice never received an assurance that Camacho actually understood the charges against him. The state responded that there was sufficient evidence to support a conclusion that applicant understood both the nature of the charges and the consequence of the plea.

The applicant waived an evidentiary hearing on his postconviction-relief application, and on May 20, 2011, oral arguments were heard in the Superior Court. Relying on the parties' memoranda, arguments, and the record, the postconviction-relief justice issued a decision, dated August 3, 2011. When considering applicant's argument that there was no mention of two of the elements of second-degree child molestation, the postconviction-relief justice found that the mere absence of these two elements did not in and of itself undermine the validity of the plea. He articulated that the proper standard to review a plea's validity was the totality of the circumstances; and, after a review of the record, he concluded that there was a sufficient factual and legal basis to find that applicant's plea was voluntary and intelligent and that he understood the nature of the charges against him.

On August 22, 2010, applicant timely filed a notice of appeal to this Court. Before this Court, applicant argues that the postconviction-relief justice violated his state and federal

---

the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty or nolo contendere unless it is satisfied that there is a factual basis for the plea."

constitutional rights to due process, as well as Rule 11, by ruling that applicant had entered his plea knowingly and by accepting insufficient facts to support the charges.

## II

### Standard of Review

"General Laws 1956 § 10-9.1-1 creates a postconviction remedy 'available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interests of justice.'" Higham v. State, 45 A.3d 1180, 1183 (R.I. 2012) (quoting DeCiantis v. State, 24 A.3d 557, 569 (R.I. 2011)). We note that an applicant for postconviction relief must bear "the burden of proving, by a preponderance of the evidence, that [postconviction] relief is warranted" in his or her case. Anderson v. State, 45 A.3d 594, 601 (R.I. 2012) (quoting Mattatall v. State, 947 A.2d 896, 901 n.7 (R.I. 2008)). "When 'reviewing the denial of postconviction relief, this Court affords great deference to the hearing justice's findings of fact and will not disturb his or her ruling absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence.'" Higham, 45 A.3d at 1183 (quoting Brown v. State, 32 A.3d 901, 907-08 (R.I. 2011)). This Court, however, will review de novo any determination pertaining to an issue concerning an applicant's constitutional rights. Hassett v. State, 899 A.2d 430, 433 (R.I. 2006).

## III

### Analysis

On appeal, applicant argues that the postconviction-relief justice erred when he denied his application because the plea colloquy in his underlying case was not a knowing, voluntary, and intelligent waiver of his rights and, therefore, failed to comply with Rule 11. He challenges

the fact that there was no reference to or mention of what he contends are the elements of the crime for second-degree child molestation, including a requirement of touching a child's intimate part(s) "for the purpose of sexual gratification or arousal," and a requirement that the victim be fourteen years old or under.[5]

There can be no question that a decision to plead nolo contendere to a criminal charge is not one to be taken lightly. See State v. Feng, 421 A.2d 1258, 1266 (R.I. 1980). It is significant that in Rhode Island, a plea of nolo contendere is treated as a guilty plea. Id. "A defendant entering such a plea 'waives several federal constitutional rights and consents to [the] judgment of the court.'" Id. (quoting Johnson v. Mullen, 120 R.I. 701, 706, 390 A.2d 909, 912 (1978)). Rule 11 sets forth the manner in which a trial justice must conduct a plea proceeding to ensure that there is compliance with constitutional requirements. Rule 11 requires that the Superior Court "shall not accept * * * a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

On the other hand, Rule 11 is not intended to "serve as a trap for those justices who fail to enumerate each fact relied on to accept such a plea." State v. Frazar, 822 A.2d 931, 936 (R.I. 2003) (quoting Feng, 421 A.2d at 1269). "[A]t the conclusion of a plea hearing, the trial justice should be able to say with assurance that the accused is fully aware of the nature of the charge and the consequences of the plea." State v. Williams, 122 R.I. 32, 40, 404 A.2d 814, 819 (1979). As we have explained,

---

[5] General Laws 1956 § 11-37-8.3 states that: "[a] person is guilty of a second degree child molestation sexual assault if he or she engages in sexual contact with another person fourteen (14) years of age or under." "Sexual contact" is defined as "the intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification, or assault." Section 11-37-1(7).

"[t]hat objective may be attained by:
'(1) an explanation of the essential elements by the judge at the guilty plea hearing;
(2) a representation that counsel had explained to the defendant the elements he admits by his plea [footnote omitted];
(3) defendant's statements admitting to facts constituting the unexplained element or stipulations to such facts.'" Id. at 41, 404 A.2d at 819 (quoting Commonwealth v. McGuirk, 380 N.E.2d 662, 666 (Mass. 1978)).

Thus, the standard is not whether the trial court sufficiently made a detailed explanation of the charges, element by element, and fact by fact, but, more importantly, whether the defendant understood them. Henderson v. Morgan, 426 U.S. 637, 644-45 (1976). A finding may be based on the "record viewed in its totality." Frazar, 822 A.2d at 935 (quoting Feng, 421 A.2d at 1269). The applicant "bear[s] the burden of proving by a preponderance of the evidence that [he or she] did not intelligently and understandingly waive [his or her] rights." State v. Figueroa, 639 A.2d 495, 498 (R.I. 1994).

Here, after having reviewed the record carefully, it is our opinion that the postconviction-relief justice was complete and thorough in his finding that applicant's nolo contendere plea was voluntary and that it was made with clear understanding of the charges against him. To support his findings, the postconviction-relief justice carefully analyzed the transcript of the Alford plea hearing. He first noted that the plea colloquy began with the trial justice confirming that applicant was before him for an indictment involving two counts of alleged second-degree child molestation. The trial justice also noted that there had been lengthy negotiations undertaken in an effort to dispose of the case.

The postconviction-relief justice then examined the plea transcript and stated that the trial justice had asked applicant whether he had read, understood, and signed the plea form. The applicant responded that he had. Further, the postconviction-relief justice observed that the trial

justice then asked applicant whether he understood the rights that he was waiving—not once, but twice—and both times applicant replied that he did understand. The transcript also revealed that applicant verified that his defense counsel explained the plea form to him, including his constitutional rights; he also acknowledged that counsel had explained that a plea would waive those rights. Finally, defense counsel herself assured the trial justice that she had explained the plea form and that, in her opinion, applicant understood the rights he was waiving. See Tavares v. State, 826 A.2d 941, 943 (R.I. 2003) (acknowledging proper colloquy when trial justice clearly explained defendant's rights and inquired about defendant's understanding of the plea form).

After this, the postconviction-relief justice quoted the portion of the transcript in which the trial justice asked the prosecutor to provide the factual basis for the charges. See Feng, 421 A.2d at 1269 (holding that it is acceptable for the trial justice to rely on the prosecutor's recitation of the state's evidence to establish the factual basis for the record). The recitation of the facts on each charge was as follows:

> "As to N1-89-0403A, if this matter had gone to trial, the State would prove that on days and dates between January 1, 1986, and December 31st, 1986, at Middletown, that Miguel Camacho did engage in sexual contact with Jane Doe,[6] a person under the age of 16.[7]
>
> "As to Count 2, that Miguel Camacho, on days and dates between January 1, 1986, and December 31st, 1986, at Middletown, did engage in sexual contact with Mary Doe, a person under the age of 14 years of age."

---

[6] The name of this victim, who is a minor, and all other names used in this opinion are pseudonyms, except for applicant's name.

[7] Although the prosecutor did misstate the age of the victim with respect to this count of the indictment, it is not lost on us that one victim was five or six years old at the time of the incident and the other victim was six or seven years old. Any error on the part of the trial justice with respect to ensuring that applicant understood that the victim was required to be under the age of fourteen, and not sixteen, cannot be anything but harmless in light of this fact.

The postconviction-relief justice also considered that, following the recitation of the facts, the trial justice had addressed applicant directly as to his understanding of the charges against him:

> "All right. Mr. Camacho, I understand that under the <u>Alford Plea Doctrine</u>, you are acknowledging that there is evidence in this case that if it reached the jury in this case, they could find you guilty beyond a reasonable doubt. Though you are not admitting that you did this, you are acknowledging that there would be sufficient evidence for that jury to find you guilty beyond a reasonable doubt. Do you understand that? [Defendant:] Yes, Your Honor."

The postconviction-relief justice also found that applicant's "apology" to the victims and their family was telling with respect to his understanding of the charges against him.[8]

The postconviction-relief justice then summarized his findings from the record to support his conclusion, which included: (1) the protracted plea-agreement negotiations, (2) applicant's participation in a long jury trial, which included testimony from both victims that detailed the facts to prove each element of the charges as well as jury instructions on each element of both charges, (3) applicant's pursuit of an appeal to have the convictions vacated, (4) applicant's affirmation of his understanding of the plea during the plea colloquy, (5) the defense attorney's assurance that she had explained the plea form containing the charges to applicant before he pled, (6) applicant's affirmation—twice—of his understanding of the plea form, including when he acknowledged his signature and again when he affirmed that he had read the plea form before signing it, and (7) applicant's contrition for what he did, which he expressed in open court. Based on these findings, the postconviction-relief justice concluded that applicant failed to prove by a preponderance of the evidence that he did not understand the plea that he had made over seventeen years earlier. The postconviction-relief justice found that based on the totality of the

---

[8] Specifically, applicant said, "I regret any inconvenience or trouble which my association with the [Doe] family has caused them, and I am sorry for any inconvenience or trouble which may have occurred."

circumstances, there was sufficient evidence in the record to support the trial justice's conclusion that applicant made the plea voluntarily and that it was "beyond belief and not supported by the record" that applicant was unaware of the nature of the charges to which he pled.

After reviewing the postconviction-relief justice's thorough and thoughtful decision, as well as the entire record before us, we agree with the postconviction-relief justice's conclusion that the applicant's plea was voluntary, intelligent, and knowing, and that the applicant was well aware of the nature of the charges against him at the time he pleaded to them. See Azevedo v. State, 945 A.2d 335, 338 (R.I. 2008) (where this Court considered "the testimony of trial counsel, the transcript of the plea proceeding, and [the] applicant's own responses to questioning" to determine if a plea was a knowing and intelligent waiver). This Court repeatedly has held that it "shall not vacate a plea unless the record viewed in its totality discloses no facts that could have satisfied the trial justice that a factual basis existed for a defendant's plea." Frazar, 822 A.2d at 935-36 (quoting Feng, 421 A.2d at 1269). In our opinion, Camacho's arguments must fail because he has not satisfied his burden of proving that his plea was not knowingly and voluntarily entered. See Gonder v. State, 935 A.2d 82, 84 n.1 (R.I. 2007) (holding that "[a]n applicant for postconviction relief bears the burden of proving, by a preponderance of the evidence, that [such] relief is warranted"). We agree with the postconviction-relief justice that the trial justice conducted an appropriate plea colloquy in accordance with Rule 11, and there is utterly no basis for us to vacate the applicant's plea.[9]

---

[9] Although we have considered and decided this case on its merits, we cannot help but observe that it was equally appropriate for disposition under the doctrine of laches. See Raso v. Wall, 884 A.2d 391, 395 (R.I. 2005).

**Conclusion**

For the reasons set forth in this opinion, the judgment of the Superior Court denying the applicant's application for postconviction relief is affirmed. The papers in this case may be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**


*Clerk's Office Order/Opinion Cover Sheet*


**TITLE OF CASE:**        Miguel Camacho v. State of Rhode Island.

**CASE NO:**              No. 2011-327-Appeal.
                          (NM 10-412)

**COURT:**                Supreme Court

**DATE OPINION FILED:**   January 14, 2013

**JUSTICES:**             Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**           Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**     Newport County Superior Court

**JUDGE FROM LOWER COURT**:

                          Associate Justice Stephen P. Nugent

**ATTORNEYS ON APPEAL:**

                          For Applicant:  Katherine Godin, Esq.

                          For State of Rhode Island:  Virginia M. McGinn
                                                      Department of Attorney General