**Supreme Court**

No. 2011-380-Appeal.
(PM 09-590)

Gerald Lopes                    :

          v.                    :

State of Rhode Island.          :

NOTICE:    This opinion is subject to formal revision before
publication in the Rhode Island Reporter.  Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island,
250 Benefit Street, Providence, Rhode Island 02903, at Telephone
222-3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

Gerald Lopes        :

v.           :

State of Rhode Island.     :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.** In this appeal, we review the denial of an application for postconviction relief. Gerald Lopes (Lopes or applicant) entered a plea of nolo contendere in two separate cases to the charges of burglary, breaking and entering, and receiving stolen goods. Lopes then applied for postconviction relief in the Superior Court, alleging myriad grounds for relief, including ineffective assistance of counsel that resulted in an unknowing and involuntary plea. Lopes's application for postconviction relief was denied. The applicant sought review by this Court, and this case came before the Supreme Court for oral argument on February 24, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the arguments advanced by counsel, we are satisfied that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth below, we affirm the judgment of the Superior Court.

- 1 -

**Facts and Travel**

In February 2008, Lopes was charged by grand jury indictment with one count of burglary and, by criminal information, with one count of breaking and entering, two counts of receiving stolen goods valued at over $500, and one count of receiving stolen goods valued at under $500. Based upon Lopes's lengthy criminal record, the state filed a notice that applicant was subject to the habitual-offender statute—G.L. 1956 § 12-19-21. Additionally, in April 2008, Lopes was declared to be a violator of a previously imposed suspended sentence and probation as a result of a plea of nolo contendere entered in April 2000 for yet another breaking-and-entering offense. A magistrate of the Superior Court lifted the suspension, resulting in a sentence of fifteen years and four months incarceration.

On November 19, 2008, the two cases were reached for trial. After a pretrial hearing, a justice of the Superior Court denied Lopes's motions to suppress evidence seized during his arrest which led to the burglary charge. Immediately after the denial of the suppression motions, Lopes—through his trial counsel—sought to withdraw his not-guilty plea and enter a plea of nolo contendere to all charges.[1] Pursuant to the plea agreement, applicant was sentenced, inter alia, to thirty years at the Adult Correctional Institutions (ACI) on the burglary charge, with twenty years to serve and ten years suspended with probation.[2] All sentences were concurrent to the sentence Lopes was serving as a violator. Significantly, as part of this disposition, the state withdrew the habitual-offender notice, thereby relieving Lopes of any potential consecutive sentence.

---

[1] The attorney who represented Lopes when he entered his plea of nolo contendere, and who it is alleged ineffectively represented Lopes, will hereafter be referred to as "trial counsel."

[2] Lopes was also sentenced to fifteen years at the ACI on the breaking-and-entering charge; five years at the ACI on both charges of receiving stolen goods valued at over $500, these sentences suspended; and one year at the ACI on the charge of receipt of stolen goods valued at under $500, also suspended.

A review of the transcript from the plea hearing reveals that, before accepting Lopes's plea, the Superior Court justice engaged in a detailed plea colloquy. The trial justice questioned Lopes as to whether he understood the plea forms, signed the forms, and reviewed them with his trial counsel.[3] The trial justice satisfied himself that Lopes was aware of the elements of the offenses alleged in the indictment and criminal information. The Superior Court justice also reviewed the rights that Lopes was waiving by pleading to the charges, including his right to a trial, the right to call and confront witnesses, and the right of appeal. Before asking the state to recite the factual basis to each charge, the trial justice engaged Lopes in the following dialogue:

> "[Trial Justice:] Anything else[, besides your understanding of what the sentences in these cases will be,] been promised to you?
>
> "[Lopes:] No.
>
> "[Trial Justice:] I know that you're on the eve of trial but it is important that I do understand that you're not forced – no one gave you an ultimatum; is that correct?
>
> "[Lopes:] Yes."

During the state's presentation of the factual basis for the charge of burglary, the prosecutor proffered that the burglary "specifically was constituted by this defendant breaking and entering [into] that apartment in the nighttime with the intent to commit larceny inside of that apartment; that he did, in fact, commit larceny inside that apartment[.]" Lopes admitted that all facts as presented by the state were true. Before imposing sentence, the Superior Court justice again ensured that Lopes was aware that he was giving up his rights, that Lopes was "satisfied by the representation of your attorney in this case[,]" and that there was "[n]o problem with this [representation] at all[.]" Having found that Lopes acted "knowingly, voluntarily,

---

[3] During the plea colloquy, Lopes informed the trial justice that he had attained a GED degree and had no trouble reading or understanding the plea forms.

intelligently, willingly and with full awareness of the consequences[,]" the trial justice accepted the plea and imposed sentence.

Less than three months later, Lopes, acting pro se, filed an application for postconviction relief. Lopes alleged that his conviction should be vacated because of (1) violations of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; (2) due process violations; (3) ineffective assistance of trial counsel; (4) prosecutorial misconduct; and (5) new evidence. On July 14, 2009, an attorney appointed as counsel for Lopes entered her appearance "for [the] limited purpose of determination of grounds for postconviction relief application." The appointed attorney then filed a report with the Superior Court on September 2, 2009, finding that "there are no valid grounds for assignment of counsel to pursue the post conviction [sic] remedy under the provision of [G.L. 1956 §] 10-9.1-5 * * *."

On October 1, 2009, Lopes informed the Superior Court that he had retained private counsel, and thus, his court-appointed counsel was discharged. After a series of continuances, applicant's counsel filed an amended application, alleging, among other things, that there was no factual basis for the burglary charge, that the plea colloquy was defective, and that applicant's trial counsel provided ineffective assistance to Lopes.

A hearing on Lopes's application for postconviction relief was undertaken in 2010.[4] The same justice who had accepted Lopes's plea of nolo contendere presided over the

---

[4] The transcript for the September 14, 2010 hearing on the merits of applicant's postconviction-relief application appears to be a continuation of a prior hearing at which testimony had previously occurred. The trial justice indicated as much, stating that testimony had begun in July 2010. However, a review of the record on appeal failed to uncover a transcript from this referenced hearing.

postconviction-relief hearing. In addition to Lopes, his trial counsel and Lopes's wife also testified in this preceding.[5]

On April 26, 2011, the Superior Court justice issued a written opinion denying Lopes's application for postconviction relief. In his decision, the trial justice found Lopes's credibility to be "minimal." The trial justice noted that, although applicant maintained that he was ill-informed regarding what a criminal information was and what his rights were, applicant was a veteran of the criminal justice system, having over twenty-five charges on his record, many of which were resolved through pleas of guilty or nolo contendere. Overall, the trial justice found that "[h]is testimony was inconsistent, self-serving, not credible, and not helpful to the factfinder."

After briefly touching upon the testimony of Lopes's wife, the trial justice addressed the testimony of trial counsel. The trial justice observed that trial counsel did not specifically recall the particulars of this case due to the passage of time and the volume of trial counsel's practice. However, the trial justice observed that trial counsel specifically recalled speaking to Lopes in advance of the hearings, filing numerous motions to suppress evidence and discovery requests, and filing a motion to appoint an independent prosecutor. Despite trial counsel's inability to recall with specificity certain details, the trial justice found him to be credible.

Judgment entered on May 13, 2011; Lopes timely appealed to this Court.

**Standard of Review**

"The statutory remedy of postconviction relief set forth in G.L. 1956 § 10-9.1-1 is 'available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly

---

[5] A private investigator retained by applicant also testified about his attempts to deliver a letter to applicant's trial counsel. This testimony is irrelevant to the issues on appeal.

- 5 -

discovered material facts requires vacation of the conviction in the interest of justice.'" Hall v. State, 60 A.3d 928, 931 (R.I. 2013) (quoting Sosa v. State, 949 A.2d 1014, 1016 (R.I. 2008)). "When passing on an application for postconviction relief, this Court accords great deference to the factual determinations of the Superior Court hearing justice." Neufville v. State, 13 A.3d 607, 610 (R.I. 2011) (citing Rodrigues v. State, 985 A.2d 311, 313 (R.I. 2009)). Thus, this Court "will uphold a postconviction relief decision absent clear error or a determination that the hearing justice misconceived or overlooked material evidence." Merida v. State, 93 A.3d 545, 549 (R.I. 2014) (quoting Rodrigues, 985 A.2d at 313).

Yet, "[w]hen a postconviction relief decision involves 'questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights[,]' we review those issues de novo." Neufville, 13 A.3d at 610 (quoting Hazard v. State, 968 A.2d 886, 891 (R.I. 2009)). "[F]indings of historical fact, and inferences drawn from those facts, will still be accorded great deference by this Court, even when a de novo standard is applied to the issues of constitutional dimension." Hazard, 968 A.2d at 891 (quoting Gonder v. State, 935 A.2d 82, 85 (R.I. 2007)).

This Court's review of a claim of ineffective assistance of counsel is guided by the criteria set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Merida, 93 A.3d at 549. "First, the applicant must establish that counsel's performance was constitutionally deficient; [t]his requires [a] showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed * * * by the Sixth Amendment." Merida, 93 A.3d at 549 (quoting Linde v. State, 78 A.3d 738, 745 (R.I. 2013)). When conducting this review, we are highly deferential and "afford counsel 'a strong presumption that counsel's conduct falls within the permissible range of assistance.'" Id. (quoting Linde, 78 A.3d at 745). "Only if it is determined

that trial counsel's performance was constitutionally deficient does the Court proceed to the second prong of the <u>Strickland</u> test, in which the applicant must show that the 'deficient performance was so prejudicial to the defense and the errors were so serious as to amount to a deprivation of the applicant's right to a fair trial.'" <u>Id.</u> (quoting <u>Linde</u>, 78 A.3d at 745-46).

**Analysis**

Because Lopes's arguments regarding the voluntariness of his plea and his trial counsel's performance are interwoven, we analyze them in tandem. <u>See</u> <u>Jolly v. Wall</u>, 59 A.3d 133, 138-39 (R.I. 2013). In this case, Lopes "bore the burden of proving 'that, but for his attorney's errors, he would not have entered a [nolo contendere] plea, but rather would have proceeded to trial.'" <u>Id.</u> at 139 (quoting <u>Gonder</u>, 935 A.2d at 87).

In support of his contention that he would not have entered a plea of nolo contendere had he properly been advised by trial counsel, applicant asserts that he only entered into the plea because his trial counsel told him that he was facing a life sentence.[6] Additionally, applicant contends that he was prejudiced by several of trial counsel's decisions, including trial counsel's failure to hire an expert to examine the value of the goods he stole during the burglary and examine an alleged DNA sample; failing to secure a severance of the charges for trial; and failing to adequately communicate with applicant.

We discern no error by the trial justice in his finding that applicant failed to carry his burden of proof and establish his claim. Initially, we note that trial counsel filed numerous motions in this case, including a motion for a bill of particulars, a motion for exculpatory evidence, multiple motions to suppress evidence and identifications, two motions <u>in</u> <u>limine</u>, and a

---

[6] The crime of burglary carries a sentence of five years to life imprisonment. <u>See</u> G.L. 1956 § 11-8-1.

motion for an independent prosecutor.[7] Furthermore, trial counsel testified at the postconviction-relief hearing that it was his usual practice to review the rights the client is relinquishing when entering a plea of nolo contendere and that, despite the fact that he did not specifically recall doing so with Lopes, he was sure that he would have done so in this case.

Moreover, we decline to disturb the trial justice's credibility determination that Lopes's testimony was self-serving and not credible. Lopes's professed ignorance as to the implications of a plea of nolo contendere is belied by his lengthy criminal record and the record evidence that, on at least eight prior occasions, Lopes has entered pleas of guilty or nolo contendere in felony cases.[8] We agree with the trial justice that Lopes is practiced in the crime of burglary and well versed in the rights that are waived when one enters a plea to a felony charge. It is no exaggeration to say that he is a veteran of our criminal justice system. At the postconviction-relief hearing, Lopes insisted that his lack of knowledge was because he was guilty of the other crimes but that he did not commit these offenses.[9] Yet, our review of the plea colloquy supports the trial justice's conclusion that Lopes entered his plea both knowingly and voluntarily. Lopes confirmed that he had reviewed the agreement with his trial counsel and that he understood the agreement. The record reflects no uncertainty, apprehension, or wavering on applicant's part

---

[7] Applicant incorrectly asserts in his filing with this Court that "an issue missed by [trial] counsel was that in one of the counts improperly joined[,] the victim was [an Assistant] Attorney General * * *. [Trial c]ounsel should have moved to recuse the Attorney General's Office or at the very least sever that count from the rest as to not prejudice the [applicant]." As noted above, trial counsel filed a motion for appointment of an independent prosecutor.

[8] In addition to Lopes's numerous experiences in entering pleas of guilty or nolo contendere, he also filed an extensive Bivens action in the United States District Court for the District of Rhode Island alleging numerous violations of Lopes's rights under the federal and state constitutions.

[9] With respect to the burglary charge, Lopes was caught in the act. The officers dispatched to the scene observed a man in red clothing attempting to climb out the back of the second floor of the building where suspicious activity had been reported. After the officers ordered the man to stop, he climbed back inside the building and attempted to exit through the front door. It was at this time that the man in the red clothing was apprehended by officers and was identified as Lopes.

- 8 -

during the plea hearing. Thus, while Lopes "now apparently regrets his decision to plead to the charges[,] * * * we conclude that on the critical day of [November 19, 2008], he did so voluntarily." See Jolly, 59 A.3d at 139.

The trial justice also conducted a thorough review of the plea agreement with the applicant as required by Rule 11 of the Superior Court Rules of Criminal Procedure. Pursuant to Rule 11, "[t]he [Superior] [C]ourt * * * shall not accept * * * a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." The transcript of the plea hearing reveals that the trial justice informed Lopes that five charges were pending against him, advised him of the consequences of his pleas of nolo contendere and the manner in which the court would impose his sentence. Additionally, the state recited the facts supporting the charges against applicant, and applicant acknowledged that those facts were true. Lastly, applicant stated that he was satisfied with the representation provided to him by his trial counsel.

Although not a basis for the trial justice's decision in the postconviction-relief proceeding, it should be noted that, upon Lopes's pleading nolo contendere to the five counts against him, the trial justice imposed an additional four years and eight months beyond the time Lopes was serving as a probation violator.[10] Further, if found to be a habitual offender, Lopes would have faced an additional consecutive term of imprisonment of up to twenty-five years. See § 12-19-21(a). By entering the plea, trial counsel protected Lopes from an enhanced sentence. We are not unmindful of the benefit derived from the withdrawal of the habitual-offender notice. In the past we have observed "that when counsel has secured a shorter sentence than what the defendant could have received had he gone to trial, the defendant has an almost

---

[10] The charge of burglary mandates a minimum sentence of five years imprisonment.

- 9 -

insurmountable burden to establish prejudice" in the context of a claim of ineffective assistance of counsel. Neufville, 13 A.3d at 614.

The applicant also suggests that the recitation of the facts which the state was prepared to prove had the burglary charge gone to trial—facts he admitted were true—was faulty because the state did not specify that the larceny applicant intended to commit was a felony, which requires that the value of the stolen items exceed $500. However, as the trial justice correctly noted, it is the intent to commit a felony that is the essential element of the crime of burglary and not the value of what was seized after the crime was interrupted. See State v. Abdullah, 967 A.2d 469, 476 (R.I. 2009) (stating that the elements of burglary are "the breaking and entering the dwelling-house of another in the nighttime with the intent to commit a felony therein, whether the felony be actually committed or not" (emphasis added) (quoting State v. Contreras-Cruz, 765 A.2d 849, 852 (R.I. 2001))).

The trial justice examined the record and found sufficient basis to infer the intent necessary from the facts in both cases to which Lopes admitted his guilt. Because Lopes was arrested while the burglary was ongoing, this fact, coupled with evidence that he was in possession of goods valued at well over $500 in the other charges brought against him, it was reasonable to infer that, if given the opportunity, Lopes had every intention to steal goods valued at more than $500 in this case.[11] See Camacho v. State, 58 A.3d 182, 186 (R.I. 2013) ("A finding may be based on the 'record viewed in its totality.'" quoting State v. Frazar, 822 A.2d 931, 935 (R.I. 2003)); see also State v. McLaughlin, 621 A.2d 170, 178 (R.I. 1993) (affirming a Superior Court decision when certain facts would allow a factfinder "reasonably to infer" that the defendant had entered a dwelling with the intent to commit a larceny). Additionally, Lopes

---

[11] When arrested, Lopes was found with gold jewelry stolen from the occupant of the dwelling.

himself confirmed that he intended to commit larceny inside the dwelling based upon the facts as presented by the state. Accordingly, the trial justice's conclusion that Lopes understood that the state was alleging that he intended to commit a felony larceny, as opposed to a misdemeanor larceny, was correct in the circumstances of this case.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we remand the record in this case.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      Gerald Lopes v. State of Rhode Island.

**CASE NO:**      No. 2011-380-Appeal.
(PM 09-590)

**COURT:**      Supreme Court

**DATE OPINION FILED:**  March 26, 2015

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

      Associate Justice Jeffrey A. Lanphear

**ATTORNEYS ON APPEAL:**

      For Applicant:  Stefanie DiMaio-Larivee, Esq.

      For State:  Jane M. McSoley
                Department of Attorney General